

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

MELINDA MITCHELL and HARVEY MITCHELL,
individually, and on behalf of a class of all others     x
similarly situated,

                                          x

                    Plaintiffs,

                                          x

                -against-

                                          x

THE CITY OF NEW YORK, a municipal entity;
New York City Police Officer JAMES SCHUESSLER,     x
Shield No. 28718; New York City Police Officer MARK
BRINADZE; New York City Police Captain JOSEPH     x
GULOTTA; New York City Police Sergeant DANIELLE
ROVENTINI; New York City Police Lieutenant     x
KATHLEEN CAESAR; New York City Police Supervisors
And Commanders RICHARD ROEs 1-50; New York City     x
Police Officers JOHN DOEs 1-50, individually and in their
official capacities, jointly and severally,     x

                    Defendants.          x

-------------------------------------------------------------------x

**Amended**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

12 Civ. 2674 (LAK)

## PRELIMINARY STATEMENT

1.      In this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983,

the Fourth and Fourteenth Amendments to the United States Constitution, and the constitution and

laws of the State of New York, plaintiffs MELINDA MITCHELL and HARVEY MITCHELL,

individually and on behalf of a class of all others similarly situated ("Plaintiffs"),  seek relief for the

deprivation of their constitutional rights by the defendants who were acting under color of state law,

including, *inter alia*, unreasonable search and seizure, false arrest, and excessive force arising from

the mass arrest of themselves and others absent reasonable articulable suspicion or individualized

1

probable cause.

    2.    Defendants THE CITY OF NEW YORK, a municipal entity; New York City Police Officer JAMES SCHUESSLER, Shield No. 28718; New York City Police Officer MARK BRINADZE; New York City Police Captain JOSEPH GULOTTA; New York City Police Sergeant DANIELLE ROVENTINI; New York City Police Lieutenant KATHLEEN CAESAR; New York City Police Supervisors and Commanders RICHARD ROEs 1-50; New York City Police Officers JOHN DOEs 1-50, acting individually and in their official capacities, jointly and severally, implemented, enforced, encouraged, sanctioned and/or ratified policies, practices and/or customs to engage in mass arrests without individualized probable cause.

    3.    MELINDA MITCHELL and HARVEY MITCHELL additionally assert claims for false imprisonment, malicious prosecution, and malicious abuse of criminal process.

    4.    Plaintiffs seek (i) a judgment declaring that the policies, practices and/or customs described herein violate the Fourth and Fourteenth Amendments; (ii) compensatory damages for the injuries caused by defendants' unlawful conduct; (iii) punitive damages assessed against the individual defendants to deter such intentional or reckless deviations from well-settled constitutional law; (iv) an award of attorneys' fees and costs; and (v) such other relief as this Court deems equitable and just.

## JURISDICTION

    5.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights.

    6.    Plaintiffs' claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

    7.    Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28

U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

8.      Upon information and belief, all conditions precedent to jurisdiction under the New York General Municipal Law with respect to the claims herein against the City have been or will be satisfied sufficient to establish to jurisdiction.

9.      Specifically, Plaintiffs' application, on behalf of themselves and those similarly situated, with the New York State Supreme Court, Kings County, Index No. 12 / 7337, for leave to file a late Notice of Claim upon the City of New York pursuant to NY State General Municipal Law § 50(e)5, was granted on October 9, 2012. The Notice of Claim was served on the Office of the New York City Comptroller on October 18, 2012.

10.     As detailed in that application, it may well be entirely unnecessary for a Notice of Claim to be filed as a condition precedent in this case, which is a civil rights class action brought to vindicate a public interest, and the application was brought in an abundance of caution.

## VENUE

11.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

12.     Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

## PARTIES

### Named Plaintiffs

3

13.    MELINDA MITCHELL, is a resident of the State of New York, County of Kings. She brings this action on behalf of herself and others similarly situated.

14.    HARVEY MITCHELL, is a resident of the State of New York, County of Kings. He brings this action on behalf of himself and others similarly situated.

## Named and Un-Named Defendants

15.    Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

16.    Defendants New York City Police Officer JAMES SCHUESSLER, Shield No. 28718, New York City Police Officer MARK BRINADZE, New York City Police Captain JOSEPH GULOTTA, New York City Police Sergeant DANIELLE ROVENTINI, New York City Police Lieutenant KATHLEEN CAESAR, New York City Police Supervisors and Commanders RICHARD ROEs 1-50, and New York City Police Officers JOHN DOEs 1-50, are New York Police Department ("NYPD") Command and Police Officers involved in the arrests of the plaintiffs and all of the actions and conduct associated therewith, including, *inter alia*, the use of force, the preferring of charges, the approval of charges, the prosecution of the plaintiffs, the abuse of criminal process, and the implementation of the challenged policies and practices in question herein.  They are sued individually and in their official capacities.

17.    Defendants SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, ROEs, and DOEs are employees and/or agents of the City of New York.  They include the individuals

4

who directed and/or authorized the use of unreasonable and excessive force, unreasonable arrests and detentions and/or who actually arrested the plaintiffs, all without probable cause, and who implemented the challenged policies, practices and procedures.

18.     At all times relevant herein, defendants SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, ROEs, and DOEs  have acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein.  At all times relevant herein, defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

19.     At all times relevant herein, defendants SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, ROEs, and DOEs, have violated clearly established constitutional standards under the Fourth and the Fourteenth Amendments of which a reasonable police officer and/or public official under their respective circumstances would have known.

## CLASS ACTION ALLEGATIONS

20.     Pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, the named plaintiffs seek to represent a certified plaintiff class consisting of all those persons who were arrested on January 9, 2011 at 2142 Atlantic Avenue (the "Property"), who were subjected to the defendants' policy, practice and custom of making mass arrests absent individualized probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the constitution and laws of the State of New York, and who were subjected to the defendants' policy, practice and custom of subjecting arrestees to unreasonably tight

handcuffing in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the constitution and laws of the State of New York

21.     The members of the class, believed to number approximately sixty, are so numerous as to render joinder impracticable.

22.     In addition, joinder is impracticable because, upon information and belief, many members of the class are not aware of the fact that their constitutional rights have been violated and that they have the right to seek redress in court.

23.     In addition, joinder is impracticable because, upon information and belief, many members of the class are without the means to retain an attorney to represent them in a civil rights lawsuit.

24.     In addition, joinder is impracticable because, upon information and belief, upon information and belief, many class members who have been victimized by the defendants' unconstitutional policies and practices may not bring individual claims.

25.     There is no adequate avenue for the protection of the class members' constitutional rights other than a class action.

26.     The class members share a number of questions of law and fact in common, including but not limited to the following:

        a.     Whether the defendants unlawfully engaged in a mass arrest of the class.

        b.     Whether the defendants engaged in a policy, practice or custom of engaging in mass arrests without probable cause, and/or individualized determinations thereof.

6

c.     Whether the defendants' policy, practice or custom of engaging in mass arrests without probable cause, and/or individualized determinations thereof violated the Fourth and Fourteenth Amendments to the United States Constitution.

d.     Whether the defendants applied handcuffs with unreasonable force upon the class.

e.     Whether the defendants engaged in a policy, practice or custom of applying handcuffs with unreasonable force.

f.     Whether this policy violated the Fourth and Fourteenth Amendments to the United States Constitution.

g.     Whether the inter-related policies, practices and customs of the defendants as alleged herein violated the constitutional rights of class members.

h.     Whether there is a likelihood that the violations of rights under the Fourth and Fourteenth Amendments to the United States Constitution which occurred on January 9, 2011 will be repeated in the future, as to these named plaintiffs and persons similarly situated.

i.     Whether the conduct of the defendants violated the plaintiffs' rights under the Constitution and laws of the State of New York.

27.     These common questions of fact and law all flow from the same policies, enacted by the named and unnamed defendants, and implemented by the same named and unnamed defendants. They were enacted and implemented through concerted efforts by the defendants and were intended

7

to punish the plaintiffs, and those similarly situated, merely for their perceived lack of cooperation. All named plaintiffs and class members were victimized by these same policies, and thus the foregoing common questions of law and fact greatly predominate over any questions affecting only individual members, including legal and factual issues relating to damages.

28.    The claims of the named plaintiffs are typical of those of the class in that the named plaintiffs' claims arose from the same course of conduct, i.e. mass arrests and excessive force affected on January 9, 2011 at the Property, pursuant to defendants' policy, practice or custom of making arrests without individualized determinations of probable cause and indeed without probable cause in general in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York.

29.    The legal claims for which the named plaintiffs seek declaratory relief are the same as or similar to those on which all members of each class will rely, and the harms suffered by the named plaintiffs are typical of the harms suffered by the class members.

30.    The named plaintiffs have a strong personal interest in the outcome of this action, have no conflicts of interest with members of the plaintiff class, and will fairly and adequately protect the interests of the class.

31.    Moreover, the named plaintiffs reside in the New York City area, where the defendants' unconstitutional policies, practices and customs are implemented, and plan in the future to attend social gatherings such as that which took place at the Property, and therefore remain at high risk of being unconstitutionally harmed in the future pursuant to these policies, practices and customs.

32.    The named plaintiffs are represented by the undersigned counsel, who are experienced civil rights lawyers who have litigated a wide range of complex civil rights and class action lawsuits.

8

Counsel for the plaintiffs have the resources, expertise, and experience to prosecute this action. Counsel for the plaintiffs know of no conflicts among members of the class or between the attorneys and members of the class.

33.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The class is readily defined and prosecution of a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims which in some instances may not be large enough to warrant the expense of individual litigation.

34.    The plaintiff class and subclasses should be certified pursuant to Rule 23(b)(2), because defendants have acted on grounds generally applicable to the class, thereby making final declaratory relief appropriate with respect to the class as a whole; and pursuant Rule 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual class members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FACTUAL ALLEGATIONS

35.    On January 9, 2011, HARVEY MITCHELL and MELINDA MITCHELL attended a party with approximately 60 other people at the Property.

36.    At approximately 3 a.m., members of the NYPD, entered the Property.

37.    The members of the NYPD who entered the Property included, on information and belief, Defendants SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, DOEs, and ROEs.

38.    Defendants SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, DOEs, and ROEs demanded to know who owned the Property.

39.    Defendants SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, DOEs, and ROEs stated that if the Property's owner was not identified then they would arrest everyone present.

40.    The Property's owner was not identified.

41.    Defendants arrested everyone present at the Property, including HARVEY MITCHELL and MELINDA MITCHELL.

42.    Upon information and belief, the decision to arrest everyone present at the Property was made by Defendant GULOTTA.

43.    Upon information and belief, Defendant CAESAR provided information to other members of the New York City Police Deparment that led to the decision to arrest everyone present at the Property.

44.    Defendants handcuffed Plaintiffs, using metal handcuffs and plastic "flex-cuffs." Upon information and belief, Defendants used plastic "flex-cuffs" because they ran out of metal handcuffs.

45.    Defendants fastened the handcuffs with excessive tightness.

46.    Defendants then brought Plaintiffs to the 73rd Precinct.

47.    HARVEY MITCHELL was transferred from the 73rd Precinct to the Central Booking facility and arraigned.

48.    HARVEY MITCHELL was charged with violation of Penal Law § 220.03, Criminal Possession of a Controlled Substance in the Seventh Degree, and Penal Law § 240.36, Loitering in the First Degree.

49.    The charges against HARVEY MITCHELL have been dismissed in their entirety.

50.    On information and belief, numerous others within the putative plaintiff class were similarly held through to arraignment, and the criminal charges against them have also been dismissed.

51.    MELINDA MITCHELL was released from the 73rd Precinct with a Desk Appearance Ticket (DAT) requiring her to appear at court on February 10, 2011.

52.    MELINDA MITCHELL appeared at court on February 10, 2011 but no charges had been filed against her.

53.    Upon information and belief, no docket number was ever generated with regard to her arrest number.

54.    MELINDA MITCHELL's arresting officer was Defendant BRINADZE.

55.    Upon information and belief, the District Attorney declined to prosecute MELINDA MITCHELL.

56.    Upon information and belief, numerous others within the putative plaintiff class were similarly given DATs.

57.    Upon information and belief, the District Attorney's office declined to prosecute the numerous others within the putative plaintiff class who were given DATs and/or the charges against them have been dismissed.

58.    Defendants unlawfully arrested Plaintiffs without individualized probable cause.

59.    The supervisor who "approved" the arrests of Plaintiffs HARVEY MITCHELL and MELINDA MITCHELL was Defendant ROVENTINI.

60.    In the criminal court complaint against HARVEY MITCHELL, defendant SCHUESSLER, states, as the factual basis for the arrests, that he "observed each of the

defendants in possession of a quantity of crack cocaine in that deponent recovered said quantity of crack cocaine from inside of the above location."

61.     HARVEY MITCHELL did not have any drugs on his person or in his possession, custody, or control, and had no knowledge of and did not observe any drugs at the Property on January 9, 2011.

62.     MELINDA MITCHELL did not have any drugs on her person or in her possession, custody, or control, and had no knowledge of and did not observe any drugs at the Property on January 9, 2011.

63.     Plaintiffs did not have possession, custody, or control of any drugs, and had no knowledge of and did not observe any drugs at the Property on January 9, 2011.

64.     Plaintiffs were subjected to excessive, unreasonable, and unnecessarily tight handcuffing.

65.     On information and belief, complaints to the NYPD made by Plaintiffs concerning excessive force were not addressed.

66.     The CITY and ROEs have, and have implemented, policies, practices or customs of indiscriminately arresting without just or probable cause large groups of people.

67.     This mass arrest policy has been implemented by the City on numerous occasions, and particularly in the context of political demonstrations, including, *inter alia*, the February 15, 2003 anti-war march, see *Haus, et al., v. City of New York, et al.*, 03 Civ. 4915 (RWS), the April 7, 2003 Carlyle Group protest, see *Larsen, et al., v. City of New York, et al.* 04 Civ. 665 (RWS), and the August-September 2004 demonstrations concerning the Republican National Convention (RNC), see *MacNamara, et al. v. City of New York, et al.*, 04 Civ. 9216 (RJS) and the numerous other RNC

12

cases consolidated with it.

68.    The defendants employ this policy, practice or custom, in an arbitrary and capricious manner, and in the absence of probable cause, to arrest entire groups of people who are either lawfully engaged in protected First Amendment activity or were observing such activity, or were simply passing by at the time arrests were being made, or who are deemed by the NYPD to be uncooperative.

69.    The policies, practices or customs of the CITY, Defendant GULOTTA, Defendant ROVENTINI, and ROEs of making mass arrests of persons in the absence of individualized probable cause violated the Fourth and Fourteenth Amendments to the United States Constitution, their counterpart provisions in the New York State Constitution, and New York statutory and common law. In addition to declaratory relief against the defendants' unconstitutional policies and practices as outline above, the named Plaintiffs, and those they seek to represent, seek compensatory and punitive damages for the emotional and physical injuries they suffered which were proximately caused by the defendants' unconstitutional conduct, and an award of attorneys fees and costs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### *(For Deprivation of Rights Pursuant to 42 U.S.C. § 1983)*

70.    Plaintiffs reiterate the foregoing paragraphs and incorporate such by reference herein.

71.    By falsely arresting Plaintiffs, maliciously prosecuting Plaintiffs, abusing process against Plaintiffs, and committing excessive force against Plaintiffs, and by implementing, enforcing, encouraging, sanctioning and/or ratifying policies, practices and/or customs to engage in mass arrests which were unlawful and without probable cause, and subjecting those arrested to unreasonably and

13

excessively tight handcuffing, the defendants, acting under pretense and color of state law and in their individual and official capacities and within the scope of their employment, have deprived and will continue to deprive each and every plaintiff and members of the plaintiff class of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

72.    As a direct and proximate result of the misconduct and abuse of authority described above, each and every plaintiff and members of the plaintiff class has suffered and will continue to suffer injury and damages including, *inter alia*, physical and mental  pain, suffering and mental anguish.

## SECOND CAUSE OF ACTION

### (*For Claims Pursuant to New York State Constitution and Laws*)

73.    The plaintiffs reiterate the foregoing paragraphs and incorporate such by reference herein.

74.    By the actions described above, each and all of the defendants, as well as the municipal defendant, jointly and severally, have committed the following wrongful acts against the plaintiffs, as well as members of the plaintiff class, which constitute wrongful conduct under the laws of the State of New York:

    a.    Assault and battery on the plaintiffs and plaintiff class members;

    b.    Trespass on the person of the plaintiffs and plaintiff class members;

    c.    False arrest and imprisonment of the plaintiffs and plaintiff class members;

    d.    Malicious prosecution and malicious abuse of criminal procedure;

e.    Excessive and unreasonable seizure;

f.    Negligence in causing the injuries to plaintiffs and plaintiff class members;

g.    Detention of plaintiffs and plaintiff class member were unreasonable,

h.    Negligent hiring, screening, retention, supervision and training of defendant police officers by defendants City of New York;

i.    Conspiracy by the defendants to commit all of the above acts;

j.    Violation of rights otherwise guaranteed to the plaintiffs and members of the plaintiff class under the laws and constitution of the State of New York.

75.    The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and members of the plaintiff class and violated their statutory rights as guaranteed them by the constitution and laws of the State of New York.

## THIRD CAUSE OF ACTION

### (*Respondeat Supreior*)

76.    The plaintiffs reiterate the foregoing paragraphs and incorporate such by reference herein.

77.    The conduct of defendant police officers SCHUESSLER, BRINADZE, GULOTTA, ROVENTINI, CAESAR, DOEs and ROEs, occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees of the defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.  Thus the defendant CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

15

A.     Enter an order certifying this action as a class action pursuant to Fed. R. Civ. P. 23 (a), (b)(2) and (b)(3) for the plaintiff class described herein and naming plaintiffs as the class representatives.

B.     Enter a judgment declaring defendants' policies, practices and/or customs of engaging in mass arrests without probable cause as unconstitutional.

C.     Enter a judgment declaring defendants' policies, practices and/or customs of using excessive force in handcuffing arrestees in mass arrests as unconstitutional.

D.     Award the named plaintiffs and members of the plaintiff class compensatory damages in an amount to be determined at trial.

E.     Award the named plaintiffs and members of the plaintiff class punitive damages against the individual defendants in an amount to be determined at trial.

F.     Award the named plaintiffs and members of the plaintiff class reasonable attorneys' fees and costs.

G.     Grant such other and further relief as this Court shall find as appropriate and just.

Dated:      New York, New York
            October 29, 2012

                          Respectfully submitted,


                          JEFFREY A. ROTHMAN
                          315 Broadway, Suite 200
                          New York, New York 10007
                          (212) 227-2980

                          Jonathan C. Moore
                          Jenn Rolnick Borchetta
                          BELDOCK LEVINE & HOFFMAN LLP
                          99 Park Avenue, Suite 1600
                          New York, NY 10016
                          (212) 490-0400

                          *Attorneys for the Plaintiffs*

17